**UNITED STATES of America,**
Plaintiff—Appellee,

v.

**Ruben HERNANDEZ–HERNANDEZ,**
**aka Ruben Rodriguez.**

No. 05–10102.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted Feb. 16, 2006.

Filed March 1, 2006.

Jacki Lynn Ireland, Esq., USPX—Office of the U.S. Attorney, Phoenix, AZ, for United States of America.

Atmore L. Baggot, Esq., Atmore Baggot Attorney at Law, Apache Junction, AZ, for Ruben Hernandez–Hernandez.

Before: ALARCÓN and McKEOWN, Circuit Judges, and HOLLAND,* Senior District Judge.

MEMORANDUM **

Reuben Hernandez–Hernandez appeals his conviction and sentence for unlawful reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

* The Honorable H. Russel Holland, Senior District Judge for the District of Alaska, sitting by designation.

Appellant challenges his conviction on the ground that the district court erred in denying his Rule 29 motion. "We review a district court's denial of a Rule 29 motion for a judgment of acquittal *de novo.*" *United States v. Zavala–Mendez,* 411 F.3d 1116, 1118 (9th Cir.2005). "The question we must ask is whether ... viewing the evidence in the light most favorable to the government, 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

■ The district court did not err in denying the Rule 29 motion. First, although the government did not establish that appellant had entered the United States on or about March 4, 2004, as alleged in the indictment, the government can "charge in the conjunctive and prove in the disjunctive." *United States v. Ewain,* 88 F.3d 689, 696 (9th Cir.1996). Second, the government established that appellant had been discovered and identified by immigration officials on or about March 4, 2004, as needed for a conviction. Immigration officials were aware of appellant's physical presence on that day because he went into the office of U.S. Citizenship and Immigration Services and gave his correct name. Immigration officials also had some suspicion on March 4, 2004 that appellant was in the United States illegally because of a hit on the Interagency Border Inspection System. Viewing this evidence in the light most favorable to the prosecution, a rational fact-finder could have concluded that appellant had been discovered and identified

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by immigration officials on or about March 4, 2004.

█ Appellant challenges his sentence on the ground that it violated his Sixth Amendment rights because the indictment did not allege and the jury did not find that his deportation was "subsequent to" his prior conviction for an aggravated felony as required by 8 U.S.C. § 1326(b)(2). We review appellant's *Apprendi* claim *de novo* because appellant raised it below. *United States v. Smith,* 282 F.3d 758, 771 (9th Cir.2002).

It is well-settled under *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that the fact of a prior aggravated felony conviction for purposes of § 1326(b)(2) does not need to be alleged in an indictment, submitted to a jury, or proved beyond a reasonable doubt. Appellant argues, however, that the temporal sequence between his deportation and his prior aggravated felony conviction is not encompassed within the *Almendarez–Torres/Apprendi* exception. Appellant insists that this "fact" is "too far removed from the conclusive significance of a prior judicial record" and must be submitted to a jury. *Shepard v. United States,* 544 U.S. 13, 125 S.Ct. 1254, 1262, 161 L.Ed.2d 205 (2005). We disagree.

In order for the § 1326(b)(2) sentencing enhancement to apply, two dates must be established: 1) the date of the defendant's removal and 2) the date of his prior aggravated felony conviction. From those two dates, it can be determined whether the defendant's removal was subsequent to his conviction. Here, the date of appellant's removal was decided by the jury. Although the date of his prior aggravated felony was determined by the sentencing judge, this date is a fundamental element

of the fact of the prior conviction and is the kind of fact that a judge can resolve. The sentence imposed on appellant by the district court did not violate appellant's Sixth Amendment rights.

AFFIRMED.